

FILED
JAN 11 2019
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SEIVERT DAYDRILL RUNNINGCRANE, Defendant. | CR 16-17-GF-BMM-JTJ **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Seivert Daydrill RunningCrane (RunningCrane) has been accused of violating the conditions of his supervised release. RunningCrane admitted the alleged violations. RunningCrane's supervised release should be revoked. RunningCrane should be placed in custody for 7 months, with 29 months of supervised release to follow. RunningCrane should begin his term of supervised release with a 2-month placement at Connections Corrections in Butte, Montana.

## II. Status

A jury found RunningCrane guilty of Assault Resulting in Serious Bodily Injury following a trial on May 10, 2016. (Doc. 69). The Court sentenced

RunningCrane to 31 months of custody, followed by 3 years of supervised release. (Doc. 101). RunningCrane's current term of supervised release began on August 3, 2018. (Doc. 146 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on December 26, 2018, requesting that the Court revoke RunningCrane's supervised release. (Doc. 146). The Petition alleges that RunningCrane violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report to his probation officer as directed; 3) by failing to notify his probation officer of a change in residence; 4) by committing another crime; 5) by using a controlled substance; and 6) by consuming alcohol. (Doc. 146 at 2-5). United States District Judge Brian Morris issued a warrant for RunningCrane's arrest.

**Initial appearance**

RunningCrane appeared before the undersigned for his initial appearance on January 10, 2019. RunningCrane was represented by counsel. RunningCrane stated that he had read the petition and that he understood the allegations. RunningCrane waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 10, 2019. RunningCrane admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report to his probation officer as directed; 3) by failing to notify his probation officer of a change in residence; 4) by committing another crime; 5) by using a controlled substance; and 6) by consuming alcohol. The violations are serious and warrant revocation of RunningCrane's supervised release.

RunningCrane's violation is a Grade C violation. RunningCrane's criminal history category is III. RunningCrane's underlying offense is a Class C felony. RunningCrane could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

RunningCrane requested a term of custody at the low end of the guideline range. The government requested a term of custody of 9 months.

### III. Analysis

RunningCrane's supervised release should be revoked. RunningCrane should be incarcerated for 7 months, with 29 months of supervised release to

3

follow. RunningCrane should spend the first 2 months of supervised release at Connections Corrections in Butte, Montana. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed RunningCrane that the above sentence would be recommended to Judge Morris. The Court also informed RunningCrane of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to RunningCrane that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. RunningCrane stated that he wished to waive his right to object to these Findings and Recommendations.

The Court **FINDS:**

> That Seivert Daydrill RunningCrane violated the conditions of his supervised release by failing to report for substance abuse testing, by failing to report to his probation officer as directed, by failing to notify his probation officer of a change in residence, by committing another crime, by using a controlled substance, and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke RunningCrane's supervised release and commit RunningCrane to the custody of the United States Bureau of Prisons for a term of imprisonment of 7 months, with 29 months of supervised release to follow. RunningCrane should spend the first 2 months of

supervised release at Connections Corrections in Butte, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 11th day of January, 2019.

John Johnston
United States Magistrate Judge