**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-17-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SEIVERT DAYDRILL RUNNINGCRANE, | |
| Defendant. | |

## I.  Synopsis

Defendant Seivert Daydrill RunningCrane (RunningCrane) has been accused of violating the conditions of his supervised release.  RunningCrane admitted alleged violations 1-7.  The government proved alleged violations 8 and 9.  RunningCrane's supervised release should be revoked.  RunningCrane should be placed in custody for 5 months, with 20 months of supervised release to follow. RunningCrane should receive credit for time served.

## II.  Status

A jury found RunningCrane guilty of Assault Resulting in Serious Bodily Injury following a trial on May 10, 2016.  (Doc. 69).  The Court sentenced RunningCrane to 31 months of custody, followed by 3 years of supervised release.

(Doc. 101).  RunningCrane's current term of supervised release began on June 27, 2019.  (Doc. 181 at 2).

**Petition**

The United States Probation Office filed a Second Amended Petition on March 26, 2020, requesting that the Court revoke RunningCrane's supervised release.  (Doc. 181).  The Second Amended Petition alleges that RunningCrane violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment on numerous occasions; 2) by failing to report for substance abuse testing on numerous occasions; 3) by failing to notify his probation officer of a change in employment status; 4) by failing to follow the instructions of his probation officer; and 5) by using methamphetamine on three separate occasions.  (Doc. 181 at 2-4).

**Initial appearance**

RunningCrane appeared before the undersigned for his initial appearance on the Second Amended Petition on May 13, 2020.  RunningCrane was represented by counsel.  RunningCrane stated that he had read the Second Amended Petition and that he understood the allegations.  RunningCrane waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 13, 2020, and on May 20, 2020.  RunningCrane admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment on numerous occasions; 2) by failing to report for substance abuse testing on numerous occasions; 3) by failing to notify his probation officer of a change in employment status; 4) by failing to follow the instructions of his probation officer; and 5) by using methamphetamine.  RunningCrane denied allege violations 8 an 9. The Government met its burden of proof with respect to alleged violations 8 and 9. The violations are serious and warrant revocation of RunningCrane's supervised release.

RunningCrane's violations are Grade C violations.  RunningCrane's criminal history category is III.  RunningCrane's underlying offense is a Class C felony.  RunningCrane could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 25 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

RunningCrane's supervised release should be revoked.  RunningCrane should be incarcerated for 5 months, with 20 months of supervised release to follow.  RunningCrane should receive credit for time served.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed RunningCrane that the above sentence would be recommended to United States District Judge Brian Morris.  The Court informed RunningCrane of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court also informed RunningCrane of his right to allocute before Judge Morris.  The Court explained to RunningCrane that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Seivert Daydrill RunningCrane violated the conditions of his supervised release: by failing to report for substance abuse treatment on numerous occasions; by failing to report for substance abuse testing on numerous occasions; by failing to notify his probation officer of a change in employment status; by failing to follow the instructions of his probation officer; and by using methamphetamine on three separate occasions.

4

The Court **RECOMMENDS:**

That the District Court revoke RunningCrane's supervised release and commit RunningCrane to the custody of the United States Bureau of Prisons for 5 months, with 20 months of supervised release to follow. RunningCrane should receive credit for time served.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 1st day of June, 2020.

John Johnston
United States Magistrate Judge