IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEIVERT DAYDRILL RUNNINGCRANE,<br><br>Defendant. | CR 16-17-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Seivert Daydrill RunningCrane (RunningCrane) has been accused of violating the conditions of his supervised release. RunningCrane admitted all of the alleged violations. RunningCrane's supervised release should be revoked. RunningCrane should be placed in custody for 10 months, with no supervised release to follow. RunningCrane should serve his term of custody at the Federal Medical Center in Rochester, Minnesota given that he has been diagnosed with cancer.

## II. Status

A jury found RunningCrane guilty of Assault Resulting in Serious Bodily Injury following a trial on May 10, 2016. (Doc. 69). The Court sentenced

RunningCrane to 31 months of custody, followed by 3 years of supervised release. (Doc. 101). RunningCrane's current term of supervised release began on September 10, 2020. (Doc. 202 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on February 2, 2021, requesting that the Court revoke RunningCrane's supervised release. (Doc. 202). The Amended Petition alleges that RunningCrane violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to follow the instructions of his probation officer; 3) by failing to report for substance abuse treatment; 4) by failing to notify his probation officer of a change in residence; and 5) by leaving Montana without the prior approval of his probation officer. (Doc. 202 at 2-4).

**Initial appearance**

RunningCrane appeared before the undersigned for his initial appearance on the Amended Petition on March 4, 2021. RunningCrane was represented by counsel. RunningCrane stated that he had read the Amended Petition and that he understood the allegations. RunningCrane waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on March 4, 2021. RunningCrane admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to follow the instructions of his probation officer; 3) by failing to report for substance abuse treatment; 4) by failing to notify his probation officer of a change in residence; and 5) by leaving Montana without the prior approval of his probation officer. The violations are serious and warrant revocation of RunningCrane's supervised release.

RunningCrane's violations are Grade C violations. RunningCrane's criminal history category is III. RunningCrane's underlying offense is a Class C felony. RunningCrane could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

RunningCrane's supervised release should be revoked. RunningCrane should be incarcerated for 10 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. RunningCrane should serve

3

his term of custody at the Federal Medical Center in Rochester, Minnesota given that he has been diagnosed with cancer.

## IV. Conclusion

The Court informed RunningCrane that the above sentence would be recommended to United States District Judge Brian Morris. The Court informed RunningCrane of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court also informed RunningCrane of his right to allocute before Judge Morris. The Court explained to RunningCrane that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Seivert Daydrill RunningCrane violated the conditions of his supervised release: by failing to report for substance abuse testing; by failing to follow the instructions of his probation officer; by failing to report for substance abuse treatment; by failing to notify his probation officer of a change in residence; and by leaving Montana without the prior approval of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke RunningCrane's supervised release and commit RunningCrane to the custody of the United States Bureau of Prisons for 10 months, with no supervised release to follow. RunningCrane should serve his term of custody at the Federal Medical Center in Rochester,

Minnesota given that he has been diagnosed with cancer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 8th day of March, 2021.

_John Johnston_
United States Magistrate Judge